IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | |
|---|---|
| Sharon Midstokke,  )<br>  )<br>           Plaintiff,  )<br>  )<br> v.  )<br>  )<br> Michael J. Astrue, Social Security  )<br> Administration Commissioner,  )<br>  )<br>           Defendant.  ) | Case No. 2:09-cv-24 |

**REPORT AND RECOMMENDATION**

Plaintiff Sharon Midstokke (hereinafter "Midstokke," "plaintiff," or "claimant"), initiated this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, and denying her application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383c.  (Tr. 15-32).  Both parties have moved for summary judgment.  (Doc. #8, Doc. #10).

**Summary of Recommendation**

Substantial evidence on the record as a whole supports the Administrative Law Judge's determination that Midstokke is not disabled.  Accordingly, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED**.

**Background**

Midstokke protectively filed her applications for disability insurance benefits and supplemental security income on April 14, 2005 under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, and under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383c.

She alleged a disability onset date of October 1, 2003. (Tr. 67, 558). Her applications were denied initially and on reconsideration. She requested a hearing, which was held on April 23, 2008. Midstokke appeared with her attorney and testified at the hearing. Midstokke's husband also testified, as did Vocational Expert Warren Haagenson. The Administrative Law Judge ("ALJ") issued his decision on June 5, 2008, finding plaintiff was not disabled. (Tr. 15-32). Midstokke requested review of the ALJ's decision and submitted supplemental evidence to the Appeals Council, consisting of additional medical records along with a brief from her attorney. (Tr. 7, 10, 565-83). The Appeals Council considered the additional evidence, finding it did not provide a basis for changing the ALJ's decision. (Tr. 4-7). The Appeals Council denied Midstokke's request for review, making the decision of the ALJ the Commissioner's final decision.

Midstokke was 48 years old at the time of the hearing. (Tr. 589). She completed the ninth or tenth grade in high school and later obtained a General Equivalency Diploma. (Tr. 589). She has worked as a farm laborer, cleaner, and bartender. (Tr. 94-102). Midstokke alleges she has been disabled since October 1, 2003 due to diabetes, hypertension, asthma, cardiomyopathy, congestive heart failure, Graves' disease, chronic low back pain, anxiety, depression, chronic abdominal pain, back pain, neck pain, vomiting, nausea, headache, fatigue, shortness of breath, weakness, dizziness, poor concentration, poor memory and water retention. Plaintiff's Brief in Support of Summary Judgment at 3.

## Legal Standard

Upon review of the pleadings and transcript of the record, the court can affirm, modify, or reverse the decision of the Commissioner, with or without remanding the cause for a rehearing. 42 U.S.C. § 405(g). To affirm the Commissioner's decision, the court must find that

substantial evidence appearing in the record as a whole supports the decision.  See id.; Cruse v. Bowen, 867 F.2d 1183, 1184 (8th Cir. 1989).  "This standard requires a more searching review than the substantial evidence standard, and [the court will] take into account record evidence that fairly detracts from the ALJ's decision."  Tilley v. Astru, 580 F.3d 675, 679 (8th Cir. 2009) (citing Minor v. Astrue, 574 F.3d 625, 627 (8th Cir. 2009)).  The court must  "take into consideration the weight of the evidence in the record and apply a balancing test to evidence which is contradictory."  Minor, 574 F.3d at 627 (citing Wilson v. Sullivan, 886 F.2d 172, 175 (8th Cir. 1989)) (quoting Jackson v. Bowen, 873 F.2d 1111, 1113 (8th Cir. 1998)).  See also, Burress v. Apfel, 141 F.3d 875, 878 (8th Cir. 1998) ("As this court has repeatedly stated, the 'substantial evidence in the record as a whole' standard is not synonymous with the less rigorous 'substantial evidence' standard."); Gavin v. Heckler, 811 F.2d 1195, 1199 (8th Cir. 1987) ("It is not sufficient for the district court to simply say there exists substantial evidence supporting the [Commissioner] and therefore the [Commissioner] must be sustained.").

   "In cases involving the submission of supplemental evidence subsequent to the ALJ's decision, the record includes that evidence submitted after the hearing and considered by the Appeals Council."  Bergmann v. Apfel, 207 F.3d 1065, 1068 (8th Cir. 2000) (citations omitted).  The court must decide if substantial evidence in the record as a whole, including the new evidence submitted after the hearing, supports the ALJ's decision.  Id. (citation omitted).  This requires the court to determine how the ALJ would have weighed the new evidence had it existed at the hearing.  Id.

## Discussion

The ALJ employed the familiar five-step test to determine whether Midstokke was disabled.[1] The ALJ determined plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability. (Tr. 17). He found Midstokke has the following severe impairments that do not meet or equal any listed impairments, which finding is not in dispute: "congestive heart failure, asthma, diabetes, headaches, GERD/irritable bowel/cholecystitis. (20 CFR 404.1520(c) and 416.920(c))." (Tr. 17, 23). The ALJ found Midstokke's anxiety, depression, Graves' disease, uterine fibroids, neck pain, back pain, memory loss, concentration problems, and insomnia to be non-severe impairments. (Tr. 18-23). He determined Midstokke is unable to perform any past relevant work, but there are jobs that exist in significant numbers in the national economy she can perform. (Tr. 31).

Plaintiff alleges the ALJ and Appeals Council committed the following errors: failing to accept as credible plaintiff's subjective complaints; failing to give proper weight to the opinions of her treating physician; and failing to review the new and material evidence submitted after the hearing.

## Subjective Complaints

"An adjudicator may not disregard a claimant's subjective complaints solely because the medical evidence does not fully support them," or solely based on personal observations. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). Several factors must be considered in

---

[1]The five steps are: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App.1; (4) whether the claimant can return to her past relevant work; and (5) whether the claimant can adjust to other work in the national economy. 20 C.F.R. § 404.1520(a)(5)(i)-(v).

analyzing a plaintiff's subjective complaints:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:  1. the claimant's daily activities; 2. the duration, frequency and intensity of the pain; 3. precipitating and aggravating factors; 4. dosage, effectiveness and side effects of medication; 5. functional restrictions.

Id. "Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole." Id.

The ALJ determined Midstokke's statements concerning the intensity, persistence and limiting effects of her symptoms "are not credible to the extent they are inconsistent with the residual functional capacity assessment." (Tr. 26).  The ALJ stated the following facts support his finding:  Midstokke's work history is not strong and "she only earned enough to be considered substantial gainful activity in two years of her entire working career;" "[her] treatment seeking history and consistent reporting of her symptoms is modest at best;" her trips to the physician were primarily for medication refills; she did not report her most significant problems to her physician on a consistent basis; she is on numerous medications, some of which may cause side effects, but she has not reported any side effects to her physician; "[t]he only diagnostic testing results that have habitually been outside normal limits are those related to her diabetes;" and "she does not comply with treatment recommendations to test her blood sugar at home." (Tr. 26-29).

Plaintiff argues the ALJ should have found her subjective complaints fully credible, and she alleges the ALJ erroneously determined that her ability to do some chores infers that she can work on a full-time basis.  Plaintiff states her "need to nap; inability to maintain someone else's

5

schedule; excessive absenteeism; frequent and/or unscheduled breaks; and an inability to keep a pace set by another, preclude competitive work activity." Plaintiff's Brief in Support of Summary Judgment at 8. She argues the ALJ did not thoroughly evaluate her symptoms before determining her residual functional capacity ("RFC").

The ALJ did not reject plaintiff's subjective complaints based on her ability to do some chores. He thoroughly evaluated the record and gave several specific reasons for finding plaintiff's subjective complaints were not fully credible. "If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, [the court] will normally defer to the ALJ's credibility determination." Gregg v. Barnhart, 354 F.3d 710, 714 (8th Cir. 2003) (citation omitted). Furthermore, Midstokke's RFC allows for some of her subjective complaints. For example, she is restricted from ladders, ropes, and scaffolds to accommodate her reports of weakness and dizziness. The record supports the ALJ's determination that plaintiff's testimony regarding her subjective complaints is not fully credible, and the ALJ appropriately determined plaintiff's residual functional capacity based on all of the credible evidence.

### Treating Physician's Opinions

Plaintiff argues her treating physician's opinions were improperly disregarded by the ALJ. She contends the ALJ violated his duty to develop the facts fully and fairly by not requesting additional information before discrediting the physician's opinions. Plaintiff's physician, Dr. Azure, wrote a letter stating plaintiff's medications "can interfere with her activities of daily living including driving a motor vehicle or operating dangerous machinery." (Tr. 548). However, the ALJ noted plaintiff continues to drive. (Tr. 29, 609-10). Dr. Azure stated plaintiff's pain medication limits what type of work she can perform, and that her "current medical problems limit her activity to the point she would have difficulty maintaining gainful

employment. She has a cardiomyopathy complicated by congestive heart failure as well as asthma which compromises her to the point of severe fatigue." (Tr. 549). However, as the ALJ stated, the medical tests indicate "the claimant's asthma is well controlled and her remaining cardiomyopathy is modest at best." (Tr. 29). Dr. Azure also opined that plaintiff is limited by chest pain and dyspnea, but the ALJ noted "the records do not show that the claimant complains of this to any great degree to her physician." (Tr. 30).

An ALJ may give a physician's opinion less weight if it is vague, conclusory and inconsistent with the record. Stormo v. Barnhart, 377 F.3d 801, 805-06 (8th Cir. 2004) (citation omitted). Dr. Azure's opinion that plaintiff cannot maintain gainful employment is not entitled to deference. "[T]reating physicians' opinions are not medical opinions that should be credited when they simply state that a claimant cannot be gainfully employed . . ." Id. at 806. Opinions on whether a claimant is disabled or unable to work are reserved to the Commissioner. 20 C.F.R. § 404.1527(e)(1). The ALJ properly discredited the treating physician's opinions.

The ALJ did not violate his duty to develop the facts by failing to request additional information from Dr. Azure. "[The ALJ] does not . . . have to seek additional clarifying statements from a treating physician unless a crucial point is undeveloped." Stormo, 377 F.3d at 806. In this case, plaintiff does not argue, nor does the court find a crucial point that is undeveloped.

## New Evidence

Midstokke argues the Appeals Council erred by not considering the additional evidence she submitted after the hearing. However, the Appeals Council did consider the additional evidence before declining review. The Appeals Council stated, "In looking at your case, we considered the reasons you disagree with the decision and the additional evidence . . . . We

found that this information does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 4-5).

"Once it is clear that the Appeals Council has considered newly submitted evidence, [the court does] not evaluate the Appeals Council's decision to deny review." Riley v. Shalala, 18 F.3d 619, 622 (8th Cir. 1994). The court's "role is limited to deciding whether the administrative law judge's determination is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made." Bauer v. Shahala, 53 F.3d 917, 919 (8th Cir. 1995). In this case the court does find the ALJ's decision is supported by substantial evidence on the record as a whole, including the new evidence submitted to the Appeals Council.

## Conclusion

The ALJ properly determined there are jobs that exist in significant numbers in the national economy Midstokke can perform. After considering the errors alleged by Midstokke, the magistrate judge is satisfied that substantial evidence supports the ALJ's findings and conclusions that plaintiff is not disabled. Accordingly, it is **RECOMMENDED** that plaintiff's motion for summary judgment (Doc. #8) be **DENIED**, defendant's motion for summary judgement (Doc. #10) be **GRANTED**, and the decision of the Commissioner be **AFFIRMED**.

## Notice of Right to Object

Pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1 (D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy.

Dated this 26th day of January, 2010.

                                               /s/ *Karen K. Klein*
                                               Karen K. Klein
                                               United States Magistrate Judge